# Appeal of Carlisle and Means.

A trust created to support a legal estate does not fail upon the death of the trustees, but survives to the heir at law of the surviving trustee; nor do the acts of the 14th of April 1828 and the 14th of June 1836, authorise the court of common pleas to appoint trustees in any such case, where the trust estate has descended to the heir at law.

When the original trustees are made the mere depositaries of the legal title in fee, without the requirement of any positive duty to be performed by them, the court cannot appoint a trustee under those acts as long as any one of the trustees or heirs of the survivor are in being.

APPEAL of Henry Carlisle and William Means from the decree of the court of common pleas of Cumberland county, refusing to appoint a trustee upon the following petition:

[Appeal of Carlisle and Means.]

" That Edward Shippen and Joseph Shippen, by deed dated the 2d of June 1794, conveyed a lot of ground in the borough of Shippensburgh, &c., to 'John Means and Robert M'Call, in trust for the use of the Associate Reformed Presbyterian Congregation at Shippensburg, for a place of public worship for ever, and for no other use or purpose.' That the said John Means and Robert M'Call are now both dead, and the duties of the trust require that a trustee should be appointed in their stead; they, therefore, pray the court to appoint Marshall Means to be a trustee, having all the rights, powers and authorities which were vested in the said John Means and Robert M'Call, by virtue of the before recited deed, &c.

In the court below the cause was argued and decided upon the facts and merits of it, and was argued in this court upon the same grounds; but the court, being of the opinion that the proceeding in the common pleas was unauthorised by the acts of assembly, delivered the following opinion:—

Kennedy J.—The application for the appointment of a trustee in this case is alleged to be founded upon and authorised by the acts of the 14th of April 1828 and the 14th of June 1836. According to the spirit and meaning of these acts, it is no doubt very clear, that whenever the trust is of such a nature as to require any personal attention or active duty to be performed; or the exercise of a power to be exerted on the part of the trustee, either for the purpose of carrying the trust into effect or for keeping it alive and fully operative at all times, in favour of the *cestui que trust* or other persons interested therein, agreeably to the intent of its author, the court of common pleas of the proper county may, upon the application by petition of such *cestui que trust* or other persons interested in the execution of the trust, appoint a trustee, if one should be wanted, for such purpose. But when the original trustee or trustees are made the mere receptacles and depositories, as it were, of the legal title *in fee* to the estate, granted to them in trust, without the requirement of any positive duty or act whatever, either express or implied, to be done and performed by them, it seems to be equally clear that the interference of the court is not called for by those acts as long as any one of the trustees or heirs of the survivor are in being; and that the appointment of a trustee by the court would, therefore, be unauthorised. The deaths of the original trustees in such instances cannot affect the interests of the *cestui que trust* or other persons interested in the trust estate. Because, upon the death of one of the trustees, the legal title to the trust estate will survive to the other; and again, upon the death of the survivor, the title will pass, by operation of law, to his heir at common law, who will be quite as capable of receiving and preserving the title of the trust estate till his death as his ancestor was, when the law will again transmit the title to the heirs at law of the heir of the survivor; and will thus, by means of every succeeding heir at law to the person last invested with the legal title, continue to transmit

[Appeal of Carlisle and Means.]

it as long as heirs to the surviving trustee shall remain or continue to exist.   Seeing, then, that the original trustees, in the case under consideration, had no duty or act whatever to perform in order to carry the trust into effect, the heirs at common law of the survivor are and will be as competent to supply the exigency of the trust as the original trustees were.   As long as such heirs continue to exist, there can, therefore, be no failure of the trust, which was all that the legislature, in this respect, intended by the acts to guard against. This I think cannot well be questioned, because from the preamble as well as the whole tenor of the acts above referred to, as also that of every other act on the subject, so far as regards the appointing of a trustee, it is perfectly plain that the court is only required to act, when otherwise there would be a *failure* of the trust.   The title of the act of 1828 plainly indicates this to have been the design of the legislature: it is entitled "an act to *prevent the failure of trusts*," &c.   From the tenor of this act, as also that of the act of 1836, it is obvious that the court is only called on and required to appoint a trustee, when, without its being done, there would be a failure of the trust and its execution.   Such a failure, however, cannot take place here as long as heirs at the common law of John Means, who appears to have been the survivor of the two original trustees, created by the deed of Edward and Joseph Shippen, continue to exist.   That such heirs do exist, although not positively shown, may yet be fairly presumed, until repelled by evidence tending to show the contrary.   It is only for the purpose of instituting an action at law to recover the possession of the property, in case of an improper eviction therefrom, that a trustee or person in being invested with the title to it, can be requisite.   And whether such person be present or absent is wholly immaterial for this purpose, because the *cestui que trust* or other persons interested may use his name as plaintiff in commencing the action either with or without, or even against, his consent, by giving security for the costs of the action.   So that in truth, as has been already observed, he is a mere depository of the legal title, having no control over or duty to perform in regard to the management or care of the estate. Under this view of the matter, we are of opinion that the court below were right in refusing, as they did, to make the appointment of a trustee.   This view also renders it unnecessary to notice or decide upon any of the other questions raised in the argument of the case.

*Reed* and *Watts*, for appellants.
*Biddle* and *Alexander*, for appellees.